J-S21023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTHUR JOHNSON | |
| Appellant | No. 1664 EDA 2015 |

Appeal from the PCRA Order May 8, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000246-2009,
CP-15-0001902-2009

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                          **FILED MAY 03, 2016**

Arthur Johnson appeals from the order, entered in the Court of Common Pleas of Chester County, which dismissed his petition pursuant to the Post Conviction Relief Act (PCRA).[1]  After careful review, we affirm.

Johnson was charged with multiple counts each of possession of cocaine,[2] possession with intent to deliver (PWID)[3] cocaine, and criminal use

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(30).

of a communication facility.[4]  On August 17, 2009, Johnson entered a negotiated guilty plea to five counts of PWID, and all other counts were withdrawn.  In exchange for pleading guilty, Johnson received an aggregate sentence of 12 to 24 years' incarceration.  Johnson did not file a post-sentence motion or direct appeal of his sentence.

On January 10, 2010, Johnson filed his first PCRA petition.  Counsel was appointed; the PCRA court ultimately dismissed the petition as meritless on June 30, 2011.  Johnson filed the instant PCRA petition on June 12, 2014, asserting that he was sentenced to mandatory minimum sentences based upon the weight of cocaine he possessed,[5] in contravention of the dictates of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).  Appointed counsel was permitted to withdraw after reviewing Johnson's claims and determining the petition to be without merit.  On May 6, 2015, the PCRA court dismissed Johnson's petition based upon its lack of jurisdiction to consider an untimely petition.

Johnson filed a timely notice of appeal *pro se*.  On appeal, Johnson raises the following issues, *verbatim*:

1. Was the United States Supreme Court ruling within [*Alleyne*] a substantial issue [that] must be applied retroactive[ly]?

2. Was the Lower Court's denial of PCRA relief in light of the Pennsylvania Supreme Court granting of [a]llocatur within

---

[4] 18 Pa.C.S. § 7512(a).

[5] *See* 18 Pa.C.S. § 7508.

> ***Commonwealth v. Kareem Barnes***, 2015 Pa. LEXIS 2083
> No. 350 EAL 2014 September 18, 2015[,] without error?

Brief for Appellant, at 4.

Our standard and scope of review regarding the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.***

In order to be considered timely,

> [a] PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

The three statutory exceptions for an untimely petition under the PCRA consist of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) .

Here, Johnson was sentenced on August 17, 2009. He did not file a notice of appeal; thus, his sentence became final on September 16, 2009, at the conclusion of the time for him to do so. *See* 42 Pa.C.S. § 9545(b)(3). The instant PCRA petition was filed on June 12, 2014, well beyond one year after Johnson's judgment of sentence became final, and the petition is untimely on its face. However, Johnson argues that the petition meets one of the PCRA timeliness exceptions because he filed it within 60 days of becoming aware of the ruling in *Alleyne*.

In his brief, Johnson attempts to invoke the newly-recognized constitutional right exception in section 9545(b)(iii).[6] Johnson is correct in

_____

[6] Johnson also referenced the exceptions in sections 9545(b)(i) and (b)(ii) in his petition, claiming governmental interference and lack of knowledge
*(Footnote Continued Next Page)*

arguing that the mandatory minimum sentencing scheme for PWID in 18 Pa.C.S. § 7508, which is based upon weight of the controlled substance, has been deemed unconstitutional following *Alleyne*. *See Commonwealth v. Fennell*, 105 A.3d 13, 20 (Pa. Super. 2014). However, because Johnson filed the instant petition only after becoming aware of the ruling in *Alleyne*, and not within 60 days of the decision, it is untimely. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (to invoke PCRA timeliness exception regarding newly-recognized constitutional right, "the sixty-day period begins to run upon the date of the underlying judicial decision").

Moreover, *Alleyne* has not been held to have retroactive effect in the post-conviction relief context. *See Commonwealth v. Ruiz*, 131 A.3d 54, 58 (Pa. Super. 2015) (it has been "settled that *Alleyne* does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition"); *see also Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) ("neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases **in which the judgment of sentence had become final**"). Thus, the PCRA court was without jurisdiction to consider Johnson's untimely petition.

Johnson also argues that relief is due because our Supreme Court has granted allowance of appeal in *Commonwealth v. Barnes*, 105 A.3d 47

_(Footnote Continued)_ _____

prevented him from presenting his claim earlier. However, he abandoned these claims on appeal.

- 5 -

(Pa. Super. 2014) (unpublished memorandum), *appeal granted*, 122 A.3d 1034 (Pa. 2015). One of the issues to be decided is "[w]hether a challenge to a sentence pursuant to [**Alleyne**] implicates the legality of the sentence and is therefore non-waivable." **Id.** Even if the PCRA court had jurisdiction to consider Johnson's petition, this argument lacks merit. In **Barnes**, the defendant was sentenced prior to the ruling in **Alleyne**. Thereafter, based on ineffective assistance of counsel, Barnes' direct appeal rights were reinstated *nunc pro tunc* and his petition for allowance of appeal was granted in that context. Thus, the facts of **Barnes** are inapposite to the instant matter, and the PCRA court correctly dismissed Johnson's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016